BROWNSTEIN HYATT FARBER
SCHRECK, LLP
Amalia Y. Sax-Bolder, Esq.
NY Bar No. 5247432
675 15th Street, Suite 2900
Denver, Colorado 80202
Phone: 303-223-1100
Fax: 303-223-1111
asax-bolder@bhfs.com

*Attorneys for FTE Networks, Inc.*

Hearing Date and Time:
December 11, 2025 at 10:00 a.m.
(prevailing Eastern Time)

Objection Deadline:
December 1, 2025 at 4:00 p.m.
(prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:

FTE NETWORKS, INC.,

Debtor.

Case No. 25-12465-DSJ

Chapter 11

# MEMORANDUM OF LAW IN SUPPORT OF
# FTE NETWORKS, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................iii

PRELIMINARY STATEMENT ............................. **ERROR! BOOKMARK NOT DEFINED.**

FACTUAL AND PROCEDURAL BACKGROUND.................. **ERROR! BOOKMARK NOT DEFINED.**

ARGUMENT ..................................................................................................................... 8

    I.    Beys Was Removed, Barred, and Had No Authority to Put FTE Into Chapter 11 Bankruptcy. ................................................................................ 9

    II.    A Corporation Cannot File For Chapter 11 Bankruptcy Pro Se. .......................... 11

    III.    Beys Is Precluded from Relitigating Authority and Using Bankruptcy as a Collateral Attack on Injunctions. ......................................................................... 12

CONCLUSION............................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. McCurry*,
  449 U.S. 90 (1980) ............................................................................................................... 12

*Brandaid Mktg. Corp. v. Biss*,
  2009 U.S. App. LEXIS 6264 (2d Cir. 2009) ....................................................................... 13

*In re American Globus Corp.*,
  195 B.R. 263 (Bankr. S.D.N.Y. 1996) ................................................................................ 11

*In re Artisanal 2015, LLC*,
  2017 Bankr. LEXIS 3813, *26 (Bankr. S.D.N.Y. 2017) ........................................................ 8

*In re A-Z Elecs., LLC*,
  350 B.R. 886 (Bankr. D. Idaho 2006) ................................................................................. 11

*In re Comscape Telecommunications, Inc.*,
  423 B.R. 816 (Bankr. S.D. Ohio 2010) .......................................................................... 10, 11

*In re DB Capital Holdings, LLC*,
  No. 10-046, 2010 WL 4925811 (10th Cir. B.A.P. Dec. 6, 2010) ........................................ 10

*In re HBA East, Inc.*,
  87 B.R. 248 (Bankr. E.D.N.Y. 1988) ............................................................................. 8, 13

*In re J&J Prop. Holdings, LLC*,
  2004 WL 5463804 (Bankr. W.D.N.C. Jan. 20, 2004) ......................................................... 10

*In re Kaplan Breslaw Ash, LLC*,
  264 B.R. 309 (Bankr. S.D.N.Y. 2001) ..................................................................... 9, 12, 13

*In re N2N Commerce, Inc.*,
  405 B.R. 34 (Bankr. D. Mass. 2009) .............................................................................. 10, 11

*In re Real Homes, LLC*,
  352 B.R. 221 (Bankr. D. Idaho 2005) ................................................................................. 10

*In re Southern Elegant Homes, Inc.*,
  2009 WL 1639745 (Bankr. E.D.N.C. June 9, 2009) .......................................................... 10

*In re Telluride Income Growth Ltd. P'ship*,
  311 B.R. 585 (Bankr. D. Colo. 2004) ................................................................................. 10

*In re Valid Value Props., LLC*,
  2017 Bankr. LEXIS 27, *10 (Bankr. S.D.N.Y. 2017) ......................................................... 11

*Keenihan v. Heritage Press, Inc.*,
  19 F.3d 1255 (8th Cir. 1994) ................................................................................................. 9

*Kelly v. Elgins Paint & Body Shop*,
  249 B.R. 110 (Bankr. D.S.C. 2000) .................................................................................... 10

*Lattanzio v. COMTA*,
  481 F.3d 137 (2d. Cir. 2007) ............................................................................................... 11

*Price v. Gurney*,
  324 U.S. 100 (1945) .......................................................................................................... 8, 9

*Rowland v. Cal. Men's Colony*,
  506 U.S. 194 (1993) ........................................................................................................ 8, 11

Statutes

11 U.S.C. § 1112(b)(1) ................................................................................................. Passim
28 U.S.C. § 1450 .................................................................................................................. 6
§ 1112(b) .............................................................................................................................. 8
§ 1112(b)(4) ......................................................................................................................... 8

FTE Networks, Inc. ("FTE"), by and through its attorneys of record, the law firm of Brownstein Hyatt Farber Schreck, LLP, and Thomas Coleman, Joseph Cunningham, and Stephen Goodwin (collectively, the "Board") hereby submit this *Memorandum of Law in Support of FTE Networks, Inc.'s Motion to Dismiss* in conjunction with the *Motion to Dismiss* (the "Motion") pursuant to 11 U.S.C. § 1112(b)(1), for an order dismissing this Chapter 11 case.

## PRELIMINARY STATEMENT

This Chapter 11 case was not filed out of a need to reorganize a company—it is a stunt. Michael Beys ("Beys"), a former CEO stripped of all authority months ago, filed this petition in open defiance of Nevada law, FTE's governing documents, and two injunctions. He did so without counsel, without unanimous board consent, without majority approval from the shareholders, and without a shred of legal authority.[1] His own petition concedes that his CEO status is "disputed." But that is an understatement. Beys was removed on July 14, 2025. He has been twice enjoined from acting for FTE. Yet here he is, forum-shopping for a bankruptcy court to rescue him from orders he cannot stomach.

The Bankruptcy Code does not create authority where none exists. Authority to file a corporate bankruptcy petition is governed by state law, and under Nevada law—and a binding judgment—Beys possessed none. Courts consistently dismiss petitions filed without corporate authority, as well as those filed on behalf of a corporation pro se. They likewise reject attempts to use Chapter 11 to circumvent existing injunctions or relitigate adverse rulings. This case presents all three defects.

Section 1112(b)(1) provides the remedy: dismissal "for cause." The record establishes ample cause here. Beys lacked authority to file. He submitted the petition pro se, and did so for

---

[1] Beys is an attorney admitted to practice in New York. As such, he is presumed to understand the legal significance of his actions and is held to a heightened standard of candor and integrity in his dealings with the Court.

the improper purpose of evading injunctions and halting pending litigation. Under long-settled law, dismissal is both required and appropriate.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a years-long battle over corporate control of FTE, culminating in a binding Nevada judgment, multiple injunctions, and now, a brazen attempt by Beys, a *former* CEO, to evade all of them through an unauthorized bankruptcy filing.

The saga began in 2022, when Innovativ Media Group, Inc. and other shareholders initiated litigation in *Innovativ Media Group, Inc. v. FTE Networks, Inc. et al.*, Case No. A-22-849188-B, in the Eighth Judicial District Court of Clark County, Nevada before Judge Joanna Kishner.[2] The central question was whether a bloc of shareholders ("Majority Shareholders") held sufficient voting power to amend FTE's bylaws and restore lawful governance.[3] Beys, then an officer and director of FTE, and Richard de Silva ("de Silva"), then a director, fought tooth and nail to prevent those amendments, contending the Majority Shareholders lacked authority.[4]

After years of litigation and a nine-day trial, Judge Kishner issued a 91-page Findings of Fact, Conclusions of Law, and Judgment ("FFCL")[5] on July 3, 2025, resolving every disputed issue.[6] The FFCL unequivocally declared that the Majority Shareholders constitute the controlling voting power and that their amendments to FTE's bylaws—including critical restrictions on bankruptcy filings—are valid and binding.[7] The Nevada Supreme Court later deferred any ruling to stay that portion of the judgment pending appeal, leaving Judge Kishner's findings operative.[8]

---

[2] Declaration of Thomas Coleman (the "Coleman Decl.") at ¶ 3.
[3] *Id.* at ¶¶ 3–4.
[4] *See id.*
[5] Findings of Fact, Conclusions of Law, and Judgment, filed on July 3, 2025, in *Innovativ Media Group, Inc. v. FTE Networks, Inc. et al.*, Case No. A-22-849188-B, attached as **Exhibit 1**.
[6] *See* Coleman Decl. at ¶¶ 3–4.
[7] *Id.* at 89.
[8] Order Granting Stay in Part, filed on Oct. 30, 2025, in *Apava, Inc. et al. v. Innovative Media Group, Inc. et al.*, Case No. 91079, attached as **Exhibit 2** ("appellants' [] motions are granted in part, as to the request for stay of execution

-2-
35993561.1

Among those amendments was the Second Amendment to the Bylaws,[9] adopted March 11, 2023, which could not be clearer:

> Section 3.1 of the Bylaws is amended to add a new subsection c. to the end thereof, to read as follows:
>
> c. **Without the consent of the Controlling Stockholders and the unanimous consent of the Board** at a duly constituted and convened meeting of the Board by the unanimous approval of all Directors, whether in person or by proxy, the **Board may not adopt any resolution, written consent or otherwise take any action** approving, consenting to, permitting, recommending to stockholders or otherwise suffering to exist any of the following:
>
>> i. **an Insolvency Proceeding**; or
>> ii. any transaction which results in a Change of Control (as defined in the Articles);
>
> As used herein, an **"Insolvency Proceeding" shall mean** (i) a Liquidation (as defined in the Articles), (ii) **any other proceeding commenced by or against the Corporation under any provision of title 11 of the United States Code**, as in effect from time to time or under any other state or federal bankruptcy or insolvency law, (iii) assignments for the benefit of creditors, (iv) formal or informal moratoria, compositions, extensions generally with creditors, or (v) proceedings seeking reorganization, arrangement, or other similar relief.[10]

Judge Kishner's FFCL validated this amendment in full.[11] Beys knew it. He fought it. He lost.

Following the judgment, the Majority Shareholders acted swiftly to restore lawful governance.[12] On July 6, 2025, they adopted an additional amendment permitting director elections by written consent when no election had occurred for two years.[13] Two days later, on

---

on the money judgments, only. . . With respect to the portion of appellants' [] motion seeking stay relief as to the declaratory judgment portion[.]").
[9] Written Consent of the Shareholders of FTE Networks, Inc. – Amendment of Bylaws, dated Mar. 11, 2023, attached as **Exhibit 3**.
[10] *Id.* (emphasis added).
[11] Ex. 1 at 89.
[12] *See* Coleman Decl. at ¶¶ 8–11.
[13] Written Consent of the Shareholders of FTE Networks, Inc. – Amendment of Bylaws, dated July 6, 2025, attached as **Exhibit 4**.

July 8, 2025, they exercised that right and elected three directors, the maximum allowed under FTE's bylaws: Thomas Coleman, Joseph Cunningham, and Stephen Goodwin ("Goodwin").[14] The written consent expressly ended the terms of Beys and De Silva upon election of their successors.[15]

On July 14, 2025, the Board removed Beys as Interim CEO and Maria Fernandez as Secretary, appointing Goodwin as Interim CEO and Dawn Loos as Interim Secretary.[16] Beys was out—completely stripped of authority to act for FTE.[17]

The Board then issued repeated cease-and-desist letters and turnover demands, beginning July 15, 2025 and continuing through September 10, 2025, directing Beys and his cohort to stop acting on FTE's behalf and to return corporate books, records, credentials, and property.[18] They refused.[19] Instead, Beys escalated his misconduct.

Within days of the judgment—and even after notice of the new directors—Beys orchestrated a spree of unauthorized Chapter 7 Bankruptcy filings for FTE subsidiaries in the Southern District of New York:

- **July 9, 2025:** *In re MO Seven LLC*, Case No. 25-11534
- **July 11, 2025:** *In re KAJA Holdings LLC*, Case No. 25-11551
- **July 18, 2025:** *In re KAJA Holdings 2 LLC,* Case No. 25-11583
- **July 31, 2025:** *In re Alan Investments III, LLC*, Case No. 25-11706[20]

In response to this escalating misconduct, FTE and its duly elected Board ("Plaintiffs") filed a complaint against the former directors ("Defendants") in *FTE Networks, Inc. et al. v. Beys*

---

[14] Written Consent of the Shareholders of FTE Networks, Inc., dated July 8, 2025, attached as **Exhibit 5**.
[15] *Id.*
[16] Action Without Meeting of the Directors of FTE Networks, Inc., dated July 14, 2025, attached as **Exhibit 6**.
[17] *See* Coleman Decl. at ¶ 10.
[18] *Id.* at ¶ 11.
[19] *Id.*
[20] *Id.* at ¶ 10.

*et al.*, Case No. A-25-928633-B, in the Eighth Judicial District Court of Clark County, Nevada before Judge Maria Gall, seeking declaratory and mandamus relief to confirm governance rights and enforce the judgment entered by Judge Kishner.[21] The complaint detailed Beys' refusal to relinquish control, his withholding of corporate books and records, and his unauthorized bankruptcy filings for multiple subsidiaries—all in direct violation of the bylaws and Nevada law, as recognized by Judge Kishner.[22]

On September 24, 2025, Plaintiffs moved for an *ex parte* temporary restraining order ("TRO") and preliminary injunction, citing imminent irreparable harm to FTE's governance and assets.[23] Plaintiffs explained that Beys and his cohort were continuing to act on FTE's behalf without authority, obstructing lawful management, and jeopardizing corporate stability.[24]

The state court set the matter for hearing and, after full briefing and argument where counsel for Beys appeared and argued, Judge Gall orally granted the TRO on October 6, 2025, enjoining Beys and his allies from acting on behalf of FTE and ordering immediate turnover of FTE's books and records.[25] The court found Plaintiffs likely to succeed on the merits and that irreparable harm was ongoing, citing the usurpation of corporate control and the inability to manage FTE as harms for which money damages would be inadequate.[26] Judge Gall emphasized that the court would not entertain any collateral attack on Judge Kishner's ruling and expressly recognized the validity of the bylaw amendments:

> The court finds that it has a judgment from [Judge Kishner] that declares the first and second amendments to the bylaws valid. The court does not question the wisdom of the judgment or its underpinnings as doing so would constitute a collateral attack on the

---

[21] *Id.* at ¶ 13.
[22] *See id.*
[23] *Id.*
[24] *See id.*
[25] Minutes of Proceedings, filed on Oct. 6, 2025, in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. A-25-928633-B, attached as **Exhibit 7**; Hearing Transcript, dated Oct. 6, 2025, attached as **Exhibit 8**.
[26] Ex. 7; Ex. 8 at 39–40.

judgment; rather the court accepts the judgment as valid.[27]

Judge Gall scheduled the preliminary injunction hearing for October 22, 2025.[28] She also directed the parties to exchange proposed TRO orders promptly: Plaintiffs were required to provide a draft order to Defendants by October 7, 2025, and Defendants were required to return comments by October 8, 2025.[29] After that exchange, the written order was to be submitted to the court for approval and entry that same day.[30]

However, on October 8, 2025, just two days after Judge Gall orally granted the TRO—and mere hours before his deadline to return comments on the proposed written order—Beys executed a calculated maneuver: he removed the case to federal court in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. 25-cv-01927-ART-EJY, in the U.S. District Court for the District of Nevada before The Honorable Anne Traum.[31] This jurisdictional challenge was a transparent attempt to derail entry of the TRO and evade compliance with an injunction the state court had already granted. The timing speaks volumes: removal occurred after Judge Gall found Plaintiffs likely to succeed on the merits and irreparable harm ongoing, and after she ordered expedited steps to finalize the TRO.

Plaintiffs immediately moved in federal court for emergency relief under 28 U.S.C. § 1450, which preserves state-court injunctions upon removal.[32] On October 24, 2025, Judge Traum orally granted a TRO substantively equivalent to Judge Gall's order[33] and entered the written order on October 29, 2025.[34] The federal court TRO enjoined Beys from acting on behalf of FTE and

---

[27] Ex. 7; *see also* Ex. 8 at 37–39.
[28] Ex. 7.
[29] *Id.*
[30] *See* Ex. 8 at 47.
[31] Notice of Removal, filed on Oct. 8, 2025, in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. 25-cv-01927-ART-EJY, ECF No. 1, attached as **Exhibit 9**.
[32] Coleman Decl. at ¶ 16.
[33] Hearing Transcript, dated Oct. 24, 2025, attached as **Exhibit 10**.
[34] Order, filed on Oct. 29, 2025, in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. 25-cv-01927-ART-EJY, ECF No. 27, attached as **Exhibit 11**.

required the immediate turnover of FTE's books, records, and credentials to Goodwin, the Interim CEO.[35]

Judge Traum directed the parties to file a stipulation setting forth additional TRO terms consistent with her ruling by October 31, 2025.[36] When the parties could not agree on those terms, they submitted competing proposed orders to the court on that date.[37]

Yet even two courts' orders prohibiting him from acting for FTE could not stop Beys. Two days after the parties submitted their competing proposed orders—and before the court could approve one of the orders or Plaintiffs could post a bond—Beys filed a voluntary Chapter 11 petition for FTE in this Court on November 2, 2025.[38] The next day, Defendants filed a Notice of Bankruptcy in the Nevada federal case.[39] This filing was not just unauthorized—it was contemptuous. It violated Judge Gall's TRO. It violated Judge Traum's TRO. It violated the bylaws Judge Kishner declared valid. And it violated the most basic principle of corporate governance: that a former officer cannot hijack a company to serve his own ends.

Beys knew he lacked authority. He had been removed months earlier.[40] He never obtained unanimous Board consent or Majority Shareholder approval as the bylaws require.[41] He did not even retain counsel—filing the petition pro se on behalf of a corporation, an act federal law forbids. Tellingly, the petition itself concedes that his supposed CEO capacity is "disputed."[42]

This Chapter 11 filing is the latest maneuver in a calculated campaign to evade binding governance and judicial orders, to forum-shop, and to claw back control Beys lost long ago. It is

---

[35] *Id.* at 9.
[36] *Id.*
[37] Email, dated Oct. 31, 2025, attached as **Exhibit 12**.
[38] *In re FTE Networks, Inc.*, Case No. 25-12465, ECF No. 1.
[39] Notice of Bankruptcy, filed on Nov. 3, 2025, filed on Oct. 29, 2025, in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. 25-cv-01927-ART-EJY, ECF No. 29, attached as **Exhibit 13**.
[40] Coleman Decl. at ¶ 19.
[41] *Id.*
[42] ECF No. 1.

an unauthorized, improper, and bad faith act that flouts Nevada law, federal injunctions, and the Bankruptcy Code itself.

## ARGUMENT

Section 1112(b)(1) of the Bankruptcy Code sets the framework for dismissal:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

The statute is mandatory: once "cause" is established, the Court *shall* dismiss or convert the case. Courts have consistently held that "cause" under § 1112(b) is not limited to the enumerated examples in § 1112(b)(4); it can include situations where the filing is unauthorized, improper, or made in bad faith. *See, e.g.*, *In re Artisanal 2015, LLC*, 2017 Bankr. LEXIS 3813, *26 (Bankr. S.D.N.Y. 2017) (noting that bad faith constitutes cause for dismissal); *In re HBA East, Inc.*, 87 B.R. 248, 259–60 (Bankr. E.D.N.Y. 1988) (Chapter 11 relief should not be available to entities filing to obtain a perceived advantage in litigation).

The Court's inquiry in this case is straightforward:

- **Was the petition authorized under applicable state law and corporate governance documents?** If not, dismissal is required. *Price v. Gurney*, 324 U.S. 100, 106 (1945).

- **Was the filing procedurally proper?** A corporation cannot appear pro se in federal court, and certainly cannot reorganize under Chapter 11 without counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

- **Was the petition filed in good faith?** Courts dismiss cases filed as litigation tactics or collateral attacks on other courts' orders.

35993561.1

> *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 335–36 (Bankr. S.D.N.Y. 2001).

Here, the answer to all three questions is the same: No. Beys lacked authority under Nevada law and FTE's bylaws. He filed pro se. And he did so to evade injunctions entered by two courts. Each defect independently constitutes "cause" under § 1112(b)(1). Together, they make dismissal inevitable.

## I. Beys Was Removed, Barred, and Had No Authority to Put FTE into Chapter 11 Bankruptcy.

The Bankruptcy Code does not itself confer authority to file a corporate bankruptcy petition. For nearly eighty years, the Supreme Court has made clear: "Authority to file a bankruptcy petition on behalf of an entity is governed by state law." *Price*, 324 U.S. at 106. The threshold question in any corporate bankruptcy filing, therefore, is who—under appliable state law and the corporation's governing documents—was empowered to act for the corporation? A petition filed by an individual lacking that authority is invalid and must be dismissed. *See Keenihan v. Heritage Press, Inc.*, 19 F.3d 1255, 1258 (8th Cir. 1994); *In re American Globus Corp.*, 195 B.R. 263, 265 (Bankr. S.D.N.Y. 1996).

That principle resolves this case. A binding Nevada judgment upheld FTE's Second Amendment to its Bylaws, which expressly prohibits any "Insolvency Proceeding" (including a proceeding "under any provision of title 11 of the United States Code") absent the unanimous consent of the Board and approval by the Majority Shareholders. Beys obtained neither. Months before this filing, he was removed from his position by FTE's duly elected Board. His own petition acknowledges that his CEO status is "disputed." In short, the filing was made by someone who, under Nevada law and FTE's governing documents, lacked authorize to act for the corporation and file it for bankruptcy. Under *Price*, that ends the analysis. 324 U.S. at 106.

Bankruptcy courts consistently dismiss cases filed on behalf of entities without proper authority. *In re Real Homes, LLC*, 352 B.R. 221, 225 (Bankr. D. Idaho 2005) ("It is generally accepted that a bankruptcy case filed on behalf of an entity by one without authority under state law to so act for that entity is improper and *must be dismissed*." (emphasis added)); *In re DB Capital Holdings, LLC*, No. 10-046, 2010 WL 4925811, at *2 (10th Cir. B.A.P. Dec. 6, 2010) (same). The lack of authority to initiate a bankruptcy filing may constitute cause for dismissal. *See, e.g.*, *In re A-Z Elecs., LLC*, 350 B.R. 886, 891 (Bankr. D. Idaho 2006); *In re J&J Prop. Holdings, LLC*, 2004 WL 5463804, at *2 (Bankr. W.D.N.C. Jan. 20, 2004). Other courts seemingly rest dismissal not on a showing of cause but solely on the absence of authority. *See, e.g.*, *In re Comscape Telecommunications, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010); *In re Southern Elegant Homes, Inc.*, 2009 WL 1639745, at *1 (Bankr. E.D.N.C. June 9, 2009); *In re N2N Commerce, Inc.*, 405 B.R. 34, 41 (Bankr. D. Mass. 2009); *In re Telluride Income Growth Ltd. P'ship*, 311 B.R. 585, 591 (Bankr. D. Colo. 2004); *Kelly v. Elgins Paint & Body Shop*, 249 B.R. 110, 112 (Bankr. D.S.C. 2000).

Arguments about urgency or fairness cannot substitute for the required showing of corporate authority. Nevada law and FTE's bylaws establish who may act for the company, and those rules cannot be circumvented through the act of filing a petition. Nor can an individual create authority by disregarding existing injunctions that prohibit him from acting on the company's behalf.

Section 1112(b)(1) gives the Court the mechanism to end this quickly. Filing a corporate petition without corporate authority is quintessential "cause." Courts treat it that way precisely because *Price* leaves no doubt: if state law does not vest the filer with authority, the petition cannot proceed. *See Real Homes*, 352 B.R. at 225; *DB Capital*, 2010 WL 4925811, at *2; *A-Z Elecs.*, 350

35993561.1

B.R. at 891. And here, the record is clear: (1) the bylaws (validated by judgment) require unanimous Board and Majority Shareholder approval for any bankruptcy filing, (2) no such approvals occurred, (3) Beys (the filer) has been removed from office, and (4) two court orders barred him from acting for FTE. Those facts collectively demonstrate the absence of authority.

The appropriate remedy is dismissal, not conversion to Chapter 7. Converting the case would legitimize an unauthorized filing and the conduct that produced it. Where a petition is void for lack of authority, courts uniformly dismiss. *See Comscape*, 423 B.R. at 830; *N2N Commerce, Inc.*, 405 B.R. at 41. The Court should do the same here and end this unauthorized case now.

## II. A Corporation Cannot File for Chapter 11 Bankruptcy Pro Se.

If Beys' lack of authority were not enough, his filing suffers from an additional, independent defect: it is an impermissible pro se corporate Chapter 11 petition. The docket confirms what the petition itself makes plain—FTE, a corporation, filed this case without counsel. That alone is fatal.

Federal law has been clear "for the better part of two centuries. . . that a corporation may appear in federal courts only through licensed counsel." *Rowland*, 506 U.S. at 201–02; *see also Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d. Cir. 2007).

Bankruptcy courts apply this rule with equal force. *See, e.g.*, *In re Valid Value Props., LLC*, 2017 Bankr. LEXIS 27, *10 (Bankr. S.D.N.Y. 2017) (dismissing case where debtor's attorney did not participate after signing petition); *Brandaid Mktg. Corp. v. Biss*, 2009 U.S. App. LEXIS 6264, *4–5 (2d Cir. 2009) (affirming rejection of pro se corporate filing).

Here, Beys—already stripped of any corporate office—signed and filed a Chapter 11 petition for FTE without counsel. Courts do not permit corporations to litigate pro se, and they certainly do not allow them to reorganize under Chapter 11 without counsel. *See Valid Value*, 2017 Bankr. LEXIS at *10; *Brandaid*, 2009 U.S. App. LEXIS at *4–5.

Beys' unauthorized filing is doubly defective. First, because he lacked authority under Nevada law and FTE's bylaws, and second, because he attempted to drag a corporation into Chapter 11 without counsel. Either ground alone warrants dismissal under § 1112(b)(1). Together, they make dismissal inevitable.

### III. Beys Is Precluded from Relitigating Authority and Using Bankruptcy as a Collateral Attack on Injunctions.

This Court is not the proper forum to revisit issues that have already been conclusively decided or to allow the bankruptcy process to be used to avoid existing injunctions. . Under well-established principles of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Bankruptcy courts likewise hold that parties may not use Chapter 11 proceedings to collaterally attack or circumvent unfavorable rulings entered by other courts. *Kaplan,* 264 B.R. at 335–36.

Judge Kishner's July 3, 2025 judgment conclusively resolved the issue of authority. After a nine-day trial, the court validated the Second Amendment to FTE's bylaws, which requires unanimous Board consent and Majority Shareholder approval for any insolvency proceeding—including a Chapter 11 filing. The Nevada Supreme Court denied a stay, leaving that judgment final and binding. Under *Allen*, issue preclusion prevents Beys from relitigating the authority question in this proceeding. 449 U.S. at 94.

The Chapter 11 filing also operates as an attempt to circumvent injunctions entered by both the state and federal courts. On October 6, 2025, Judge Gall enjoined Beys from acting on behalf of FTE. Beys then removed the case to federal court to avoid the TRO. On October 24, 2025, Judge Traum issued a TRO with the same prohibition.[43] Two days after the parties submitted competing

---

[43] Ex. 10 at 65.

proposed orders—and before the federal court could finalize its order or Plaintiffs could post bond—Beys filed this Chapter 11 petition. The timing of the filing strongly suggests it was intended to disrupt those proceedings. As other courts have cautioned, "Chapter 11 relief should not be available to entities filing to obtain a perceived advantage in litigation with others or to provide an alternate judicial forum." *HBA East*, 87 B.R. at 259–60. The bankruptcy stay "was not intended to grant defendants a last-minute escape chute out of pending civil litigation." *Id.* at 262.

The record shows that this petition was not filed to reorganize FTE's business but to halt the enforcement of injunctions entered by other courts. Such use of Chapter 11 constitutes bad faith and improper forum-shopping. Bankruptcy courts uniformly reject this practice. *See, e.g.*, *Kaplan*, 264 B.R. at 335–36 ("Without exception, this Court does not permit such a tactic.").

The record makes clear that this petition was not filed to reorganize FTE's business or preserve its value, but to halt enforcement of injunctions and to interfere with ongoing litigation. The bad faith purpose is apparent on the face of the petition: it was filed by a former officer acting without authority, immediately after adverse rulings in two courts, and without counsel. There is no need to wait for schedules, statements, or a plan of reorganization to confirm the filing's purpose—its timing and context already demonstrate that this case is a litigation tactic, not a legitimate effort at reorganization. Accordingly, issue preclusion bars relitigation of corporate authority, and the Bankruptcy Code does not permit a collateral challenge to valid injunctions entered by other courts. Because the filing itself reveals that this case was initiated to gain procedural advantage rather than to reorganize, it constitutes "cause" for dismissal under 11 U.S.C. § 1112(b)(1), and dismissal is warranted now.

## CONCLUSION

Beys' petition is a study in what Chapter 11 is not. It is not a vehicle for a former officer to claw back control he lost under state law. It is not a shield against injunctions entered by courts with jurisdiction. And it is not a forum for pro se corporate filings. It is, in short, an abuse.

The record is clear:

- A Nevada judgment validated bylaws requiring unanimous Board and Majority Shareholder consent for any bankruptcy filing. Beys obtained neither.

- Beys was removed from office months before this petition.

- Two courts enjoined him from acting for FTE, including a U.S. District Court in the forum where FTE is incorporated.

- He filed anyway—without counsel, without authority, and with the transparent aim of derailing enforcement of those orders.

Under *Price* and § 1112(b)(1), this Court's duty is equally clear: dismiss this case. Chapter 7 conversion would reward misconduct, and appointment of a trustee would legitimize a filing that was void from inception. The only remedy consistent with law and equity is dismissal.

Dated: November 10, 2025

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: */s/ Amalia Y. Sax-Bolder*
Amalia Y. Sax-Bolder, NY Bar No. 5247432
675 15th Street, Suite 2900
Denver, CO 80202[44]
Telephone: 303.223.1100
Facsimile: 303.223.1111
asax-bolder@bhfs.com

*Attorneys for FTE Networks, Inc.*

---

[44] Brownstein Hyatt Farber Schreck, LLP operates in New York but is currently in the process of opening a new office space at 75 Rockefeller Plaza, New York, NY. Once the new office is opened, undersigned counsel will promptly file with the Court a Notice of Change of Address.