BROWNSTEIN HYATT FARBER
SCHRECK, LLP
Amalia Y. Sax-Bolder, Esq.
NY Bar No. 5247432
675 15th Street, Suite 2900
Denver, Colorado 80202
Phone: 303-223-1100
Fax: 303-223-1111
asax-bolder@bhfs.com

*Attorneys for FTE Networks, Inc.*

**Hearing Date and Time:**
December 11, 2025 at 10:00 a.m.
(prevailing Eastern Time)

**Objection Deadline:**
December 1, 2025 at 4:00 p.m.
(prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

FTE NETWORKS, INC.,

Debtor.

Case No. 25-12465-DSJ

Chapter 11

**DECLARATION OF THOMAS COLEMAN IN SUPPORT OF**
**FTE NETWORKS, INC.'S MOTION TO DISMISS**

I, Thomas Coleman, under penalty of perjury, declare as follows:

1. I am a Director of FTE Networks, Inc. ("FTE") and a member of its Board of Directors. I submit this declaration in support of *FTE Networks, Inc.'s Motion to Dismiss* the above-captioned Chapter 11 case.

2. I have personal knowledge of the facts set forth below in this declaration, and if called as a witness, I could and would competently testify thereto.

**I.  Nevada Corporate Governance Litigation and Judgment**

3. FTE is incorporated under the laws of the State of Nevada. In 2022, shareholders initiated litigation against FTE and its former directors in *Innovativ Media Group, Inc. v. FTE Networks, Inc. et al.*, Case No. A-22-849188-B, in the Eighth Judicial District Court of Clark

County, Nevada before Judge Joanna Kishner. The case concerned corporate governance, the validity of shareholder-approved amendments to FTE's bylaws, and determined whether a bloc of shareholders ("Majority Shareholders") held sufficient voting power to amend such bylaws. Following a nine-day bench trial, Judge Kishner entered a Findings of Fact, Conclusions of Law, and Judgment ("FFCL") on July 3, 2025. *See* **Exhibit 1**.

4. The FFCL declares, among other things, that (1) the First Amendment to the Bylaws (executed on February 3, 2022) is valid, and (2) the Second Amendment to the Bylaws (executed on March 11, 2023) is valid. *Id.* at 89. The Court found that each amendment was passed with Majority Shareholder approval. *Id.*

5. Though FTE's former directors appealed the judgment and moved for a stay, the Nevada Supreme Court deferred any ruling to stay the portion of the judgment relating to the bylaws pending appeal, leaving Judge Kishner's findings operative. *See* **Exhibit 2**.

6. The Second Amendment to the Bylaws prohibits FTE's Directors from putting the company into bankruptcy absent unanimous Director and Majority Shareholder approval. *See* **Exhibit 3**. It provides:

> Section 3.1 of the Bylaws is amended to add a new subsection c. to the end thereof, to read as follows:
>
> c. Without the consent of the Controlling Stockholders and the unanimous consent of the Board at a duly constituted and convened meeting of the Board by the unanimous approval of all Directors, whether in person or by proxy, the Board may not adopt any resolution, written consent or otherwise take any action approving, consenting to, permitting, recommending to stockholders or otherwise suffering to exist any of the following:
>
> > i. an Insolvency Proceeding; or
> > ii. any transaction which results in a Change of Control (as defined in the Articles);
>
> As used herein, an "Insolvency Proceeding" shall mean (i) a Liquidation (as defined in the Articles), (ii) any other proceeding

commenced by or against the Corporation under any provision of title 11 of the United States Code, as in effect from time to time or under any other state or federal bankruptcy or insolvency law, (iii) assignments for the benefit of creditors, (iv) formal or informal moratoria, compositions, extensions generally with creditors, or (v) proceedings seeking reorganization, arrangement, or other similar relief.

7. Despite going into effect on March 11, 2023 and being declared valid by Judge Kishner on July 3, 2025, former CEO Michael Beys ("Beys") did not obtain such consents for the Chapter 11 petition filed on November 2, 2025.

8. Following the FFCL, on July 6, 2025, the Majority Shareholders adopted an additional amendment to FTE's bylaws expressly permitting the election of Directors by written consent when FTE has not held an annual meeting for the purpose of electing Directors for a period of two years or longer. *See* **Exhibit 4**.

9. On July 8, 2025, acting pursuant to those amended bylaws and NRS § 78.320, the Majority Shareholders elected three Directors—the maximum permitted under FTE's bylaws—namely, Joseph Cunningham, Stephen Goodwin ("Goodwin"), and myself (collectively, the "Board"). *See* **Exhibit 5**. The written consent further provided that former directors Beys and Richard de Silva ("de Silva") ceased serving as directors upon the election of their successors. *Id.*

10. On July 14, 2025, the duly elected Board—acting under Section 3.13 of the amended bylaws—removed Beys as Interim CEO and Maria Fernandez as Secretary and appointed Goodwin as Interim CEO and Dawn Loos as Interim Secretary. *See* **Exhibit 6**. Thus, from July 14, 2025 forward, Beys had no authority to act for FTE in any capacity.

11. Beginning on July 15, 2025, and continuing through September 10, 2025, the Board issued cease-and-desist and turnover demands to Beys and his associates, directing them to cease acting for FTE and to return FTE's books, records, credentials, and property. These demands were ignored.

**II.     Unauthorized Subsidiary Filings and Injunctions Restraining Beys' Authority to Act on Behalf of FTE**

12.     In July 2025, notwithstanding the FFCL and notice of the new Board, Beys orchestrated unauthorized Chapter 7 bankruptcy filings for multiple FTE subsidiaries in the Southern District of New York, including:

- **July 9, 2025:** *In re MO Seven LLC*, Case No. 25-11534
- **July 11, 2025:** *In re KAJA Holdings LLC*, Case No. 25-11551
- **July 18, 2025:** *In re KAJA Holdings 2 LLC,* Case No. 25-11583
- **July 31, 2025:** *In re Alan Investments III, LLC*, Case No. 25-11706

13.     On September 19, 2025, FTE and its Board ("Plaintiffs") filed an action against the former directors (*i.e.*, Beys and de Silva) and others (collectively, the "Defendants") in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. A-25-928633-B, in the Eighth Judicial District Court of Clark County, Nevada before Judge Maria Gall, seeking declaratory and mandamus relief to enforce the FFCL and restore corporate governance. Soon after, on September 24, 2025, Plaintiffs moved for an *ex parte* temporary restraining order ("TRO") and preliminary injunction, citing imminent irreparable harm to FTE's governance and assets.

14.     On October 6, 2025, following a noticed hearing and full briefing and argument where counsel for Beys appeared and argued, Judge Gall orally granted the TRO, enjoining Defendants, including Beys, and those acting in concert with him from taking any action on behalf of FTE and ordering the turnover of FTE's books and records. *See* **Exhibit 7** and **Exhibit 8**. The TRO was to become effective upon the posting of a $30,000 bond and a preliminary injunction hearing was set for October 22, 2025. Ex. 7.

15.     On October 8, 2025, just two days after Judge Gall's oral TRO, and hours before his deadline to return comments on Plaintiffs' proposed written order, Defendants removed the

4

Nevada state action to federal court in *FTE Networks, Inc. et al. v. Beys et al.*, Case No. 25-cv-01927-ART-EJY, in the U.S. District Court for the District of Nevada before The Honorable Anne Traum. *See* **Exhibit 9**.

16. Plaintiffs immediately moved in federal court for emergency relief under 28 U.S.C. § 1450, which preserves state-court injunctions upon removal. On October 24, 2025, Judge Traum held a hearing and orally granted Plaintiffs' motion, issuing a TRO substantively equivalent to the state court's order. *See* **Exhibit 10**. Judge Traum followed her oral ruling with a written order entered on October 29, 2025, which issued a TRO until the preliminary injunction hearing, enjoined Defendants from acting on behalf of FTE, and mandated turnover of FTE's books and records. *See* **Exhibit 11**.

17. The order also directed the parties to file a stipulation setting forth additional TRO terms consistent with her ruling by October 31, 2025. *Id.* When the parties could not agree on those terms, they submitted competing proposed orders to the court on that date. *See* **Exhibit 12**.

### III. The Unauthorized Chapter 11 Filing

18. On November 2, 2025, two days after the parties submitted competing orders—and before the court could finalize any written order or Plaintiffs could post a bond—Beys filed a voluntary Chapter 11 petition for FTE in this Court. *In re FTE Networks, Inc.*, Case No. 25-12465, ECF No. 1. He signed and filed the petition pro se, purporting to act as FTE's CEO, and the petition itself notes that his status is "disputed." *Id.* The next day, Defendants filed a Notice of Bankruptcy in the Nevada federal case. *See* **Exhibit 13**.

19. The filing was made without (1) authorization from FTE's duly elected Board, (2) unanimous consent of the Board at a duly constituted meeting, (3) consent of the Majority Shareholders, or (4) retention of counsel for FTE. At the time of filing, and since July 14, 2025, Beys had no corporate authority of any kind to act for FTE. The filing also violated both Judge

5

Gall's and Judge Traum's TROs, which enjoined Beys from acting on behalf of FTE and required immediate turnover of FTE's books and records.

20. The timing and circumstances of the filing demonstrate that it was an attempt to evade and derail enforcement of the federal court's TRO and to relitigate governance issues already resolved by the Nevada courts. The Chapter 11 petition was not a good faith effort to reorganize FTE's business, but rather a continuation of an unauthorized campaign to seize control of FTE notwithstanding binding corporate governance and judicial orders.

## IV. Harm to FTE and Need for Dismissal

21. The unauthorized petition has disrupted FTE's ability to stabilize operations and has drained resources that would otherwise be dedicated to restoring orderly corporate governance. Allowing this case to proceed would lend credence to an ultra vires filing initiated by a former director stripped of authority months earlier and acting in contravention of duly validated bylaws and federal injunctive relief.

22. The factual record set forth above is based on my personal knowledge and is corroborated by the Exhibits to the Motion.

23. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November, 2025.

*/s/ Thomas Coleman*
Thomas Coleman