# **EXHIBIT 7**

10/9/25, 4:56 PM     clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=12565501&HearingID=219990138&SingleViewMode=Minutes

Skip to Main Content  Logout  My Account  Search Menu  New District Civil/Criminal Search  Refine Search  Close

Location : District Court Civil/Criminal   Help

# REGISTER OF ACTIONS
## CASE NO. A-25-928633-B

| | | |
|---|---|---|
| FTE Networks Inc, Plaintiff(s) vs. Michael Beys, Defendant(s) | § § § § § § | Case Type: **NRS Chapters 78-89**<br>Date Filed: **09/19/2025**<br>Location: **Department 9**<br>Cross-Reference Case Number: **A928633** |

---

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| Defendant | Beys, Michael | | **Jason M. Wiley**<br>*Retained*<br>702-910-3329(W) |
| Defendant | De Silva, Richard | | **Jason M. Wiley**<br>*Retained*<br>702-910-3329(W) |
| Defendant | Fernandez, Maria | | **Jason M. Wiley**<br>*Retained*<br>702-910-3329(W) |
| Defendant | Sanchez, Andrew | | **Jason M. Wiley**<br>*Retained*<br>702-910-3329(W) |
| Defendant | Scheidmann, Ernest | | **Jason M. Wiley**<br>*Retained*<br>702-910-3329(W) |
| Plaintiff | Coleman, Thomas | | **Chad F Clement**<br>*Retained*<br>702-382-0711(W) |
| Plaintiff | Cunningham, Joseph | | **Chad F Clement**<br>*Retained*<br>702-382-0711(W) |
| Plaintiff | FTE Networks Inc | | **Maximilien D. Fetaz**<br>*Retained*<br>702-382-2101(W) |
| Plaintiff | Goodwin, Stephen | | **Chad F Clement**<br>*Retained*<br>702-382-0711(W) |

---

### EVENTS & ORDERS OF THE COURT

10/06/2025 | **Motion for Temporary Restraining Order** (8:30 AM) (Judicial Officer Gall, Maria)
*Plaintiffs' Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction,; and, in the Alternative, Petition for Writ of Mandamus or Prohibition on An Order Shortening Time*

**Minutes**
10/03/2025 9:00 AM

10/06/2025 8:30 AM
- Following extensive arguments by Mr. Clement, Mr. Walther, and Mr. Wiley regarding bankruptcy, books and records, and status quo, COURT STATED ITS FINDINGS and ORDERED, Application GRANTED IN PART and DENIED IN PART regarding Temporary Restraining Order (TRO); FTE Networks Inc. turnover books and records only; impose $30,000 bond or cash security, the TRO is not effective until bond or cash security is posted; Supplemental Opposition is due on 10/15/2025, Response due 10/21/2025 and

Exhibit 7

matter SET for hearing. 10/22/2025 11:00 A.M. PRELIMINARY INJUNCTION CLERK'S NOTE: Due to issues with the Zoom call connection, Court CLARIFIED its ORDER as follows: mdf10/06/2025 The court GRANTED the TRO application in part and DENIES the TRO application in part. The court granted the application to the extent it enjoined and prohibited Defendants and all those acting in concert with Defendants from taking any action on behalf of FTE Networks, Inc. The court finds that it has a judgment from DC31 that declares the first and second amendments to the bylaws valid. The court does not question the wisdom of the judgment or its underpinnings as doing so would constitute a collateral attack on the judgment; rather the court accepts the judgment as valid. It is undisputed at present that Plaintiffs undertook actions pursuant to the amendments to remove Defendants as FTE officers and directors. Accordingly, the court finds that Plaintiffs are likely to succeed on the merits of their claims and that money damages cannot compensate Plaintiffs for a usurpation of their now rightful positions within the company. The court finds that the public interest and balancing of harms weights in favor of Plaintiffs and corporate stability, including as based on a valid, unstayed judgment from DC31. The court further GRANTED the application to the extent it enjoins by mandating Defendants and all those acting in concert with Defendants to turn over books and records of FTE Networks only. The court s mandatory injunction does not encompass books and records owned by any of the four bankruptcy subsidiaries as doing so would be a violation of the automatic stay. The court s mandatory injunction does not encompass books and records owned by any of the other subsidiaries, as the court does not have information at this time to assess the corporate structure to determine whether and how a ruling might be constrained by the automatic stay. The court permits Plaintiffs to renew its books and records injunction with regard to the subsidiaries after obtaining further information and/or after obtaining relief from the stay from the bankruptcy court. The court imposes a $30,000 bond or cash security. The injunction is not effective until the bond or cash security is posted. The preliminary injunction hearing shall be on October 22, 2025, at 11:00 AM, special setting, with a supplemental opposition due by October 15, 2025, at 5 PM, and a supplemental reply due by October 21, 2025, at 12 NOON, unless otherwise modified by stipulation of the parties and so ordered by the court. Plaintiffs shall prepare a Findings of fact and conclusions of law consistent with the court s findings and the points and authorities raised in the brief. A draft of the order shall be provided to defense counsel by October 7, 2025, at 12 NOON. Defense counsel shall return comments to Plaintiffs counsel by October 8, 2025, at 12 NOON.

10/21/2025 9:30 AM

[Parties Present](#)
[Return to Register of Actions](#)