# EXHIBIT 9

JASON M. WILEY, ESQ.
Nevada Bar No. 9274
LESLIE L. PHIEFER, ESQ.
Nevada Bar No. 16959
**WILEY PETERSEN**
10000 West Charleston Blvd., Suite 230
Las Vegas, Nevada 89135
Telephone: 702.910.3329
Facsimile: 702.553.3467
jwiley@wileypetersenlaw.com
lphiefer@wileypetersenlaw.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FTE Networks, Inc.; Thomas Coleman; Joseph Cunningham; Stephen Goodwin,<br><br>Plaintiffs,<br><br>V.<br><br>Michael Beys; Richard De Silva; Maria Fernandez; Ernest Scheidmann; Andrew Sanchez; Does I Through X, Inclusive; And Roe Corporations I Through X, Inclusive,<br><br>Defendants. | Case No.:  2:25-cv-1927<br><br>**NOTICE OF REMOVAL** |

To:     The United States District Court for the District of Nevada:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Michael Beys, Richard De Silva, Maria Fernandez, Ernest Scheidmann, and Andrew Sanchez (collectively, "Defendants") remove this action to the United States District Court for the District of Nevada.  The grounds for removal are as follows:

1.      On September 19, 2025, Plaintiffs filed a civil action captioned *FTE Networks, Inc. et al. v. Beys et al.*, Case No. A-25-928633-B in the Eighth Judicial District Court in and for Clark County, Nevada ("State Court Action").

/ / /

1

Exhibit 9
Page 1 of 9

2. By way of the Complaint, Plaintiffs seek declaratory and equitable relief against Defendants related to corporate authority, governance, and possession and control of the books and records of FTE Networks, Inc. ("FTE").

3. On September 24, 2025, Plaintiffs filed *Plaintiffs' Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction, and in the Alternative, Petition for Writ of Mandamus or Prohibition on an Order Shortening Time* ("Motion"), appended hereto as **Exhibit A**.

4. The Motion petitioned the Court for "an order that, pending further order of the Court, Defendants, and those acting in concert with them, are:

- Enjoined from purporting to act for, bind, or represent FTE or any FTE subsidiary in any capacity, including initiating or prosecuting any bankruptcy, insolvency, or liquidation proceeding in FTE's or any subsidiary's name, absent express written authorization from FTE's duly elected Board;

- Enjoined from transferring, encumbering, dissipating, concealing, or accessing any FTE or subsidiary assets, funds, securities, accounts, or property;

- Enjoined from destroying, altering, withholding, or denying access to FTE or subsidiary books and records, electronic data, communications, credentials, bank and brokerage information, financials, litigation files, and other corporate property;

- Required as a mandatory preliminary injunction, to deliver forthwith to FTE's Interim CEO or his designee all FTE and subsidiary books and records and property, including but not limited to: originals and copies of physical and electronic files; user Ids and passwords; bank and brokerage account information; domain, email, and cloud access; accounting files; litigation and claims files; vendor/customer lists; and lists of current employees/contractors; and to provide a sworn inventory of materials delivered and any materials not in their possession with last-known location/contact (form of inventory to be provided);

- Required to notify, in writing, any court (including the SDNY bankruptcy court), counterparty, custodian, or agent to whom they have held themselves out as FTE representatives since July 8, 2025, that they lack authority to act for FTE, with copies

1           to Plaintiffs (template to be provided).

2 *See* Motion 23:21-24:14.

3     5.     The Motion correctly states that four FTE subsidiaries are currently debtors in Chapter 7 bankruptcy proceedings. Those matters are:

- *In re Mo Seven LLC*, Case No. 25-11534, currently pending before the United States Bankruptcy Court for the Southern District of New York;
- *In re KAJA Holdings LLC,* Case No. 25-11551, currently pending before the United States Bankruptcy Court for the Southern District of New York;
- *In re KAJA Holdings 2 LLC* Case No. 25-11583, currently pending before the United States Bankruptcy Court for the Southern District of New York;
- *In re Alan Investments III, LLC* Case No. 25-11706, currently pending before the United States Bankruptcy Court for the Southern District of New York.[1]

*See* Motion 12:16-13:14.

    6.     In addition, the Motion alleges that Defendants improperly filed an SEC Form 8-K with the Securities and Exchange Commission. *See* Motion 13:15-20.

    7.     Even though none of the Defendants had been served with the Summons or Complaint or the Motion, hearing on Plaintiffs' application for temporary restraining order was conducted in the State Court Action on October 6, 2025.

    8.     During said hearing, the Honorable Maria Gall questioned whether (a) injunctive relief could be extended to those FTE subsidiaries currently in bankruptcy proceedings; and (b) injunctive relief could be ordered as to FTE based upon the fact some of its subsidiaries were currently in bankruptcy proceedings.

    9.     Ultimately, the Court indicated it was inclined to grant the Motion, in part, and deny the Motion, in part, due to the subsidiaries' bankruptcy proceedings.

---

[1] Notwithstanding their actual knowledge of its existence and active status, Plaintiffs failed to advise the state court of yet another bankruptcy case, this time involving non-party First Capital Real Estate Trust ("FC RET"), wherein FC RET asserts ownership of FTE shares with the significance being that the outcome of such claim would dispositively undermine Plaintiffs' premises for asserting their causes of action in the State Court Action.

10. The Court indicated it was inclined to impose injunctive relief, but limited to FTE and not extended to FTE subsidiaries.

11. Pursuant to 28 U.S.C. §1331, Plaintiffs' claims are properly removable because, although Plaintiffs style their claims as disputes over Nevada corporate governance, resolution of the Complaint and Motion requires interpretation and application of federal law. Specifically, Plaintiffs seek relief based on alleged violations of federal securities disclosure requirements and actions taken in connection with pending federal bankruptcy proceedings. Accordingly, the face of the pleadings necessarily raises substantial questions of federal law sufficient to invoke this Court's jurisdiction under 28 U.S.C. § 1331.

12. Plaintiffs' allegations that Defendants, after purportedly being removed as FTE directors and officers, filed an unauthorized Form 8-K with the Securities and Exchange Commission.

13. The filing of an SEC Form 8-K is governed by the Securities Exchange Act of 1934, 15 U.S.C. §78 et seq. and Securities and Exchange Commission Rule 13a-11.

14. Plaintiffs, in alleging that the filing of the Form 8-K was unauthorized, by its nature, asserts misrepresentation or fraud in connection with securities filings which is governed by Section 10(b) of the Exchange Act (15 U.S.C. §78j(b)) and SEC Rule 10b-5 (17 C.F.R. §240.10b-5).

15. Adjudication of Plaintiffs' claims requires determination whether Defendants' filing of the Form 8-K violated federal securities laws thus creating a federal question.

16. Innovativ Media Group, whose sole shareholder and principal is Plaintiff Thomas Coleman, previously commenced a similar action against Defendants Beys and De Silva (as well as against FTE Networks) under the same federal statutes in *Innovativ Media Group v. FTE Networks, et al.*, No. 2:22-cv-01362-CDS-VCF (originally dismissed without prejudice and, then, after amendment by Innovativ, consolidated with *Innovativ Media Group, et al. v Beys, et al.*, No. 2:22-cv-01184-JCM-EJY, dismissed with prejudice). As such, Plaintiffs knew of the ability to commence this action in federal court and thus necessarily must concur with and consent to federal jurisdiction over the same issue of whether Messrs. Beys and De Silva violated these same federal statutes.

17. Plaintiffs further allege Defendants caused multiple FTE subsidiaries to file Chapter 7 petitions in the United States Bankruptcy Court for the Southern District of New York despite lacking

1  corporate authority to do so. *See* Motion 12:16-13:14.

2      18.    Whether a bankruptcy petition is properly filed is governed by 11 U.S.C. §§ 301 and
3  303.

4      19.    Plaintiffs petition the Court for injunctive relief restraining Defendants from carrying
5  on those current bankruptcy proceedings and from initiating additional filings. Such relief directly
6  implicates the scope of authority under federal bankruptcy laws.

7      20.    In addition, because Plaintiffs seek injunctive and declaratory relief that would directly
8  affect the administration of the ongoing Chapter 7 bankruptcy estates of FTE's subsidiaries, this action
9  is at minimum "related to" those bankruptcy proceedings within the meaning of 28 U.S.C. § 1334(b).
10  Removal is therefore independently proper under 28 U.S.C. § 1452(a).

11      21.    Federal courts have exclusive jurisdiction over bankruptcy proceedings (28 U.S.C.
12  §1334(a)).

13      22.    Even if Plaintiffs purport to plead claims only rooted in state law, their requested relief
14  requires resolution of disputed and substantial federal issues under both securities and bankruptcy law.

15      23.    Pursuant to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S.
16  308 (2005), this Court has federal question jurisdiction.

17      24.    The *Grable* Court explained that "Darue was entitled to remove the [] action if Grable
18  could have brought it in federal district court originally[.]" *See id.* at 312.

19      25.    As set forth above (¶ 16), Plaintiff Coleman, as the sole shareholder and principal of
20  Innovativ Media Group, previously commenced a case in this same federal district pertaining to the
21  same federal statutes regarding alleged misrepresentations in S.E.C. filings against Defendants Beys
22  and De Silva (as well as against FTE Networks).

23      26.    The *Grable* Court further found that the dependency of the asserted state law claims on
24  the resolution of significant federal questions by itself justifies removal to ensure the superior
25  experience and uniformity of federal jurisprudence. *See id.*

26      27.    Here, both securities and bankruptcy issues are of sufficient significance (and being
27  actually disputed in multiple forums) that resolution in federal court is both justified and would not
28  upset the federal court-state court balance.

28. Plaintiffs' claims are further dependent on interpretation of the federal law cited herein.[2]

29. Venue is proper in the unofficial Southern Division of this district pursuant to 28 U.S.C. §1441(a), and (c)(1)(A) because this district embraces the place where the State Court Action is pending.

30. At the time of removal, Plaintiffs have not served any of the Defendants with the Summons and Complaint. *See* Declaration of Jason M. Wiley, Esq. ("Wiley Declaration") appended hereto as **Exhibit B**.

31. Pursuant to 28 U.S.C. §1446(b)(2), Defendants – who have not been served but participated in hearing on the Motion and filed an opposition thereto – have consented to this removal. *See* Wiley Declaration; *see also Baiul v. NBC Sports*, 732 Fed. Appx. 529, 531 (9th Cir.2018) ("Thus, at the time of removal, all defendants who had been "properly joined *and served*"—*i.e.*, NBC only—"join[ed] in or consent[ed] to the removal of the action," which is all that § 1446(b)(2)(A) requires.").[3] All Defendants herein expressly reserve all rights to seek transfer of venue to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a)[4] or referral to the bankruptcy court under 28 U.S.C. § 157(a).

32. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely as it is filed within thirty (30) days after the receipt by the Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within

---

[2] Moreover, the claims and issues here not only relate to the cases from this very district mentioned above (Nos. 2:22-cv-01184 and 2:22-cv-01362), but also two newly commenced cases, including against many of these Plaintiffs (and interested party Innovativ), in (1) *FTE Networks, Inc. v. Goodwin, et al.*, No. 2:25-cv-01732-JCM-BNW, and (2) *FTE Networks, Inc. v. Innovativ Media Group, Inc.*, No. 2:25-cv-01731-JCM-EJY.

[3] As set forth herein, there are various independent removal bases that additionally render the general rule of universal consent inapplicable to bar removal in this case.

[4] There is already pending an action (*FTE Networks, Inc. v. Singal, et al.*, No. 1:22-cv-05960-PGG (S.D.N.Y.)) involving the Plaintiffs and Defendants in this case, which earlier-in-time case includes issues going to Plaintiffs' standing and/or otherwise described legal rights to assert any FTE-related claims at all.

1 | thirty (30) days after the service of summons upon the Defendants if such initial pleading has then been
2 | filed in court and is not required to be served on the Defendants, whichever period is shorter.
3 |     33.    Pursuant to 28 U.S.C. §1446(a), a copy of all pleadings, orders, and process are attached
4 | hereto as follows:

    a.    Complaint, **Exhibit C**

    b.    Motion, **Exhibit A**

    c.    Plaintiff' Initial Appearance Fee Disclosure, **Exhibit D**

    d.    Plaintiffs' Peremptory Challenge of Judge, **Exhibit E**

    e.    Notice of Department Reassignment, **Exhibit F**

    f.    Defendants Peremptory Challenge Of Judge, **Exhibit G**

    g.    Notice of Appearance, **Exhibit H**

    h.    Defendants Initial Appearance Fee Disclosure, **Exhibit I**

    i.    Notice of Department Reassignment, **Exhibit J**

    j.    Defendants' Amended Initial Appearance Fee Disclosure, **Exhibit K**

    k.    Minute Order Re: TRO Hearing Advanced, **Exhibit L**

    l.    Declaration of Chad F. Clement, Esq., in Support of Plaintiffs' Ex Parte Motion for TRO and Preliminary Injunction, and in the Alternative, Petition for Writ of Mandamus or Prohibition, on OST, **Exhibit M**

    m.    Affidavit of Service for Michael Beys, **Exhibit N**

    n.    Declaration of Diligence for Michael Beys, **Exhibit O**

    o.    Affidavit of Service for Richard de Silva, **Exhibit P**

    p.    Declaration of Diligence for Richard de Silva, **Exhibit Q**

    q.    Affidavit of Due Diligence for Maria Fernandez, **Exhibit R**

    r.    Affidavit of Due Diligence for Ernest Scheidmann, **Exhibit S**

    s.    Minute Order Re: TRO Hearing Information, **Exhibit T**

    t.    Defendants Opposition To Plaintiffs Ex Parte Motion For Temporary Restraining Order And Preliminary Injunction On Order Shortening Time And Request For Modified Briefing Schedule, **Exhibit U**

   u. Declaration of Jason M. Wiley, Esq. in Support of Defendants' Opposition to Plaintiffs' Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction on Order Shortening Time and Request for Modified Briefing Schedule, **Exhibit V**

   v. Plaintiffs' Reply in Support of Motion for Temporary Restraining Order and Preliminary Injunction, and in the Alternative Petition for Writ of Mandamus or Prohibition on OST, **Exhibit W**

   w. Minutes - Motion for Temporary Restraining Order, **Exhibit X**

   x. Court Recorders Invoice for Transcript, **Exhibit Y**

34. Based on the foregoing, Defendants remove the above-entitled action now pending in the Eighth Judicial District Court, Clark County, Nevada Case No. A-25-928633-B, to the United States District Court for the District of Nevada.

35. Promptly after filing this Notice, Defendants will file a copy of said Notice with the clerk of the state court in which this action is pending and will give written notice to counsel for Plaintiffs as required by 28 U.S.C. §1446(d).

36. This Notice of Removal is submitted without waiver of any procedural or substantive defenses that may be available to Defendants and without admitting any of the allegations contained within the Complaint or other filed pleadings.

DATED this 8th day of October, 2025.

            **WILEY PETERSEN**

            */s/ Jason M. Wiley*
            JASON M. WILEY, ESQ.
            Nevada Bar No. 9274
            LESLIE L. PHIEFER, ESQ.
            Nevada Bar No. 16959
            10000 West Charleston Blvd., Suite 230
            Las Vegas, Nevada 89135
            Telephone: 702.910.3329
            Facsimile: 702.553.3467
            jwiley@wileypetersenlaw.com
            lphiefer@wileypetersenlaw.com

            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm WILEY PETERSEN, and that on this 8th day of October 2025, I caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVAL** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities to those parties listed on the Court's Master Service List.

/s/ Alexandria Jones
_____
An Employee of WILEY PETERSEN