The Kantrow Law Group, PLLC
*Proposed Attorneys for the Debtor*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
Fred S. Kantrow
Hailey L. Kantrow

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **4/28/26** |
| SOUTHERN DISTRICT OF NEW YORK | TIME: **10:00 AM** |

----------------------------------------------------------------------X

In re:

FTE NETWORKS, INC.,                                    Case No.: 25-12465-dsj
                                                       Chapter 11

                                    Debtor.

----------------------------------------------------------------------X

### DEBTOR'S OPPOSITION TO MOTION TO DISMISS OR CONVERT THIS CHAPTER 11 CASE

TO:   HON. DAVID S. JONES
      UNITED STATES BANKRUPTCY JUDGE

FTE Networks, Inc., the debtor and debtor-in-possession in this chapter 11 bankruptcy case (the "Debtor"), by and through its proposed attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his opposition (the "Opposition") to the motion to dismiss (the "Motion") or in the alternative to convert this case pursuant to section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") interposed by the United States Trustee, and states as follows:

1.     While the allegations set forth by the United States Trustee are generally true and correct and acknowledged by the Debtor the United States Trustee failed to address the reasons for the Debtor's failure to meet "the bare minimum of obligations for a debtor to comply with."

2.     As this Court is aware, from the moment this chapter 11 bankruptcy case was filed, the Debtor was met with multiple motions seeking myriad forms of relief – including, but not limited to, a determination by this Court, or perhaps another court, that the Debtor lacked the corporate authority to commence the bankruptcy case. The Debtor's proposed counsel filed an

application at the outset of the case seeking the entry of an Order establishing a "bar date" as is the custom and practice in this District.  The Court requested that the proposed bar date order not be entered at that time given the procedural posture of the case.

3.      The Debor and the party seeking a determination that the Debtor lacked authority to file; seeking dismissal or other forms of relief, engaged in extensive negotiations to reach a consensual resolution to allow the chapter 11 case to proceed forward and for the Debtor to prosecute the case.  During the negotiations, as evidenced by a review of the Court's docket, the parties agreed to several adjournments predicated on a "stand-still" agreement pursuant to which the Debtor agreed to refrain from engaging in any motion practice until such time as either the matters were decided by the Court or the parties reached a resolution.

4.      On April 2, 2026, the Debtor and the adverse parties filed an application with this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "9019 Application").  The 9019 Application seeks approval of the certain settlement agreement proposed to be entered into by and between the parties which resolves all of the issues and allows the Debtor to move forward with the prosecution of the chapter 11 bankruptcy case. Assuming that the Court approves the 9019 Application, any and all deficiencies set forth in the United States Trustee's Motion shall be remedied to the extent that they have not already been remedied.  The Debtor notes that the required Monthly Operating Reports (the "MORs") have already been filed.

5.      As to the bar date application is already on the Court's docket and assuming the Court enters an Order approving the 9019 Motion and the proposed settlement agreement, the Debtor would ask that the Court enter an Order establishing a bar date.  In addition, again assuming the entry of an Order approving the 9019 Motion and the proposed settlement agreement, the

Debtor's proposed counsel shall file its application seeking the entry of an Order authorizing retention. To the extent that a Local Rule 1007 Affidavit has not been filed, the affidavit shall be filed as required.

6.     The Debtor's intention is to prosecute this chapter 11 to the fullest extent and to propose a confirmable plan of reorganization. With regard to outstanding quarterly fees, the Debtor shall immediately make payment to the extent that payments remain due and owing. Under these circumstances, the United States Trustee's motion should be denied or adjourned to a further date if necessary.

WHEREFORE, the Debtor respectfully requests that this Honorable Court deny the relief sought in the Motion together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
       April 12, 2026

                                        The Kantrow Law Group, PLLC
                                        Proposed Attorneys for the Debtor

                        BY:     S/Fred S. Kantrow
                                Fred S. Kantrow
                                732 Smithtown Bypass, Suite 101
                                Smithtown, New York 11787
                                516 703 3672
                                fkantrow@thekantrowlawgroup.com